IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IRVIN BERNARD BRENTLEY, EA-3429, )
    Petitioner, )
     )
    v. ) 2:09-cv-942
     )
DAVID VARANO, et al., )
    Respondents. )

Report and Recommendation

I. Recommendation;

It is respectfully recommended that the petition of Irvin Bernard Brentley for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Irvin Bernard Brentley, an inmate at the State Correctional Institution at Coal Township has presented a petition for a writ of habeas corpus. In an Order entered on August 7, 2009, the respondent and the District Attorney of Allegheny County were directed to answer and show cause, if any, why the relief sought should not be granted.

Brentley is presently serving a ten and a half to twenty-one year sentence imposed following his conviction by a jury of fleeing or attempting to elude, firearms not to be carried without a license, aggravated assault and reckless endangerment at No. CP-02-CR-3206-1998 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on

1

July 8, 2002.[1]

    An appeal was taken to the Superior Court in which the issues presented for review were:

    I. The evidence was insufficient as a matter of law to sustain the conviction for aggravated assault because it did not prove Brentley was the person who discharged the firearm, or that he discharged the firearm with the specific intent to inflict serious bodily injury upon the officer.

    II. The record does not reflect that Mr. Brentley's waiver of his constitutional right to counsel was made knowingly, intelligently and voluntarily, and his conviction, thus was obtained in violation of the Sixth Amendment to the Federal Constitution and Article 1 § 9 of the Pennsylvania Constitution.

    III. Mr. Brentley was denied a fair trial when Officer Kaschauer informed the jury that Brentley was known to carry firearms and had been charged with shooting at another police officer; upon the jury's exposure to this evidence, the court should have declared a mistrial, or, at least, ordered the evidence stricken and provided a cautionary instruction; further, defense counsel rendered ineffective assistance when he failed to seek these remedies, or any closing cautionary instruction concerning other crimes evidence, when reinstated as counsel at the close of the case.

    IV. The trial court's failure to grant a mistrial based on the jury's exposure to the prejudicial publicity concerning his escape from custody denied Brentley a fair and impartial determination of his guilt or innocence.

    V. The trial court denied Brentley a fair trial by admitting over objection, the testimony establishing his escape and the resulting chase by authorities, with a closing instruction on flight as indicative of guilt, the prejudicial impact of the escape evidence greatly outweighed any potential probative value as to whether Brentley was guilty of the specific crimes charged.

    VI. Mr. Brentley's sentence was imposed pursuant to the 'second strike" provision of 42 PA.C.S.A. 9714, deemed unconstitutional by our Supreme Court in *Commonwealth v. Butler*, 760 A.2d 384 (PA.2000), and is therefore illegal; further, Mr. Brentley's prior adjudication of delinquency was counted as a "strike"

---

[1] See: Petition at ¶¶ 1-6. The petitioner was originally sentenced on August 18, 1999 to thirteen and a half to twenty seven years, but on remand by the Superior Court for resentencing only, the present sentence was imposed. (See: Exhibit 17 to the answer of the Commonwealth).

2

contrary to the statute's proscription.[2]

On May 22, 2001, the judgment of conviction was affirmed but the matter was remanded for re-sentencing.[3]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the following issues were presented:

> I. Contrary to the standards set forth by this Honorable Court for review of the sufficiency of the evidence, the Superior Court did not honor the Constitutional limits placed on a jury's ability to convict when the physical evidence proved the defendant could not have committed the act charged, and a finding of guilt could only be premised on conjecture that additional evidence existed which was not presented at trial, and acceptance of a claim "contradicted by physical facts, in contravention to human experience and the laws of nature."
>
> II. The Superior Court's determination, that Brentley's convictions were not constitutionally infirm although the record failed to show Brentley's waiver of his constitutional right to be represented by counsel at trial was made knowingly, intelligently, and voluntarily, but instead indicated Brentley believed he was compelled to choose self-representation as the only alternative to proceeding with detrimental ineffective assistance of counsel, is inconsistent with prior decisions of this Honorable Court, the Superior Court and the Federal Courts of our jurisdiction.
>
> III. The Superior Court failed to recognize the injustice resulting at Brentley's trial on charges of possession of a firearm and shooting at a police officer when Officer Kaschauer falsely informed the jury that Brentley was known to carry firearms and had been charged with shooting at another police officer; upon the jury's exposure to this evidence, it was essential to all principles of fairness Brentley be granted a new trial.[4]

On April 23, 2002, leave to appeal was denied.[5]

---

[2] See: Exhibit 11 to the answer of the Commonwealth.

[3] See: Exhibit 13 to the answer of the Commonwealth.

[4] See: Exhibit 15 to the answer of the Commonwealth.

[5] See: Exhibit 16 to the answer of the Commonwealth.

On October 29, 2002 Brentley filed a timely post-conviction petition. The latter was dismissed for failure to proceed on November 16, 2004.[6] In February, 2007, counsel moved for leave to file an amended post-conviction petition[7] and on that same date a second post-conviction petition was filed.[8] The latter was dismissed on November 11, 2007 on the merits.[9]

An appeal was taken to the Superior Court in which the issues presented were:

I. The trial court erred in denying appellant's request for relief based on prosecutorial misconduct.

II. The trial court erred in denying appellant's request for relief based on the ineffective assistance of counsel.

III. The trial court erred in denying appellant's request for an evidentiary hearing relative to issues raised in appellant's amended post-conviction relief act petition.[10]

On September 2, 2008, the denial of post-conviction relief was affirmed.[11]

A petitioner for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were raised.[12] On January 2, 2009 leave to appeal was denied.[13]

The instant petition was executed on July 13, 2009, and in it Bentley contends he is

---

[6] See: Exhibit 19 to the answer of the Commonwealth.

[7] See: Exhibit 20 to the answer of the Commonwealth.

[8] See: Exhibit 21 to the answer of the Commonwealth.

[9] See: Exhibit 24 to the answer of the Commonwealth.

[10] See: Exhibit 29 to the answer of the Commonwealth.

[11] See: Exhibit 31 to the answer of the Commonwealth.

[12] See: Exhibit 33 to the answer of the Commonwealth.

[13] See: Exhibit 34 to the answer of the Commonwealth.

entitled to relief on the following grounds:

> I. Petitioner's waiver of counsel was involuntary. The waiver of counsel was compelled by counsel's ineffectiveness, irreconcilable differences with counsel and trial courts presenting petitioner with Hobson's choice to proceed pro se or with ineffective counsel who had no trial strategy and no knowledge of the facts before fulfilling its duty to conduct penetrating inquiry and make informed determination of whether petitioner was legitimately dissatisfied with counsel, and whether complaints were sufficiently substantial to justify continuance after petitioner stated to the court on record several times that he did not wish to proceed pro se, that he wished to be represented by an attorney and that counsel was not prepared so he wanted a continuance. Thus the waiver was obtained in violation of the Sixth Amendment of the U.S. Constitution.
>
> II. Prosecutor engaged in misconduct through improper remarks made during summation, arguing the existence of inculpatory evidence that supported his position but "police failed to find" and had not been produced at trial. The effect of prosecutors remarks were to include into evidence a gun clip that did not exist. These remarks deprived petitioner of a fair trial in violation of the 6th and 14th amendments of the U.S. Constitution.
>
> III. Trial counsel was ineffective for failing to object to remarks made during the prosecutor's summation regarding the existence of inculpatory evidence of a ammunition clip which was never demonstrated to exist and which was not presented in evidence.
>
> IV. The evidence was insufficient as a matter of law. The evidence and testimony offered to support the verdict is in contradiction to the physical facts.[14]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that

before a federal court will review any allegations raised by a state prisoner, those allegations

---

[14] See: Argument of the petitioner which is incorporated in his petition.

must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the

6

state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, the respondents correctly argues that issues I, II and IV were in some form presented to the Pennsylvania Appellate Courts for their consideration in the first instances, but that the third issue, relating to ineffective trial counsel resulting from a failure to object to the prosecutor's closing argument alluding to evidence not of record, has never been presented in this context to the Pennsylvania appellate courts for their consideration in the first instance.[15] In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

For this reason, the petitioner's third issue is procedurally defaulted and will not be considered

---

[15] In his post-conviction appeal petitioner contended that trial counsel was ineffective as a result of a break-down of communications with the petitioner forcing him to represent himself and by counsel's failure to move to suppress statements of Midland police Officer Vaughn which was later suppressed on the petitioner's oral motion made at trial. In addition, he argued that counsel was ineffective for failing to object to the prosecutor's closing argument but the latter were made solely in the context of violations of state law See: Exhibit 29 to the answer of the Commonwealth at pp.14-16.

here.

The background to this prosecution is set forth in the September 2, 2008 Memorandum of the Superior Court in which it is stated:

> In February 1998 Appellant was observed driving a vehicle by an officer who knew him not to be licensed. A second officer attempted to stop Appellant, but he drove away at a high rate of speed. Appellant eventually stopped his car, exited the vehicle, and ran. He fired a shot at the police officer before he was apprehended. Police later recovered a Walther pistol and two fully-loaded magazine clips near where Appellant had been observed. He was charged with several offenses including aggravated assault and weapons violations.
>
> Appellant, representing himself with standby counsel , proceeded to a jury trial in June 1999. He did not appear for the second day of trial, however, and was convicted *in absentia*. Appellant was subsequently apprehended and sentenced...[16]

The first issue which the petitioner raises here is that his waiver of counsel at trial was not voluntary.

> Under the Sixth Amendment, a defendant has a right to counsel and also a right to refuse counsel and represent himself. *Faretta v. California*, 422 U.S. 806 (1975)... By choosing to represent himself, the defendant "relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta*, 422 U.S. at 835...

United States v. Lyons, 2009 WL 2055138 *3 (C.A. 3(Pa.)).

At trial, the prosecution's first witness was Officer Kaschauer. During the course of his testimony, the petitioner's informed the court that he desired to conduct the cross-examination of that witness (TT.51). The next day, the court inquired as to the petitioner's intentions and he stated that he desired to represent himself (TT.56). The court then conducted a thorough colloquy with the petitioner regarding his desire to represent himself (TT.57-62) whereupon the court concluded that the petitioner could represent himself with the presence of stand-by counsel

---

[16] See: Exhibit 31 to the answer of the Commonwealth at pp.1-2.

(TT.63). Thereupon the court informed the jury of the petitioner's right to represent himself and the fact that he had elected to do so with the presence of stand-by counsel (TT.73).

While the petitioner stated that he was unhappy with the representation being provided by counsel there is nothing of record demonstrating that irreconcilable difference existed.[17]

In Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) the Court observed that in waiving the right to counsel the court must determine whether the "defendant actually does understand the significance and consequences of a particular decision and whether the decision was uncoerced... [the defendant] must be 'made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."'" Such clearly occurred here where the trial court painstakingly delved into the petitioner's thorough comprehension of the ramifications of his decision and only then permitted him to represent himself with the availability of stand-by counsel. See: Thomas v. Carroll, 581 F.3d 118,124 (3d Cir. 2009).

Thus, the trial court fully informed the petitioner of the consequences of his action and went even further to implore him not to engage in such folly, nevertheless the record clearly

---

[17] It is worthy of note that in reviewing this claim, the Superior Court observed:
> a colloquy was conducted into all six required areas [regarding the waiver of counsel]. In addition, the trial court did not force Appellant to represent himself. To the contrary, Appellant request it, and the trial court essentially pleaded with him to reconsider his decision to waive his right to counsel... The record establishes that Appellant merely wanted to do things his way, against the sound advice of the trial court and despite a lawyer who was doing a fine job of representation. The lawyer never admitted to "irreconcilable" differences.  Moreover, a full colloquy was conducted. The trial court continually advised Appellant against self-representation. See: Exhibit 13 to the answer of the Commonwealth at p.13.

demonstrates that the petitioner made a knowing waiver of his right to be represented by counsel, and the determination by the state courts on this issue is clearly not contrary to established federal case law, and does not provide a basis for relief here.

The second issue which the petitioner raises is that the prosecutor's closing argument alluded to a third ammunition clip which was never discovered by the police and thus never introduced into evidence. The import of this matter derives from the fact that at the time of his arrest, two weapons, a Walther and a Lorcin, and two full ammunition clips were discovered. The Lorain, which had the fingerprints of another individual had a clip from which one round was missing. Thus, the petitioner alleges that only by arguing that there was a missing clip could the prosecutor tie him to the crime. Specifically, in this regard the prosecutor argued:

> The Walther is here, the cellular telephone case with two clips. He drops that clip [the alleged missing third clip]. This is how easy it is to do. He gets rid of one, other two are found, there it goes, drops the gun and tosses the clip. This yard is overgrown, full of weeds, it is nighttime and the officers didn't find it.
>
> Sometimes these things happen, ladies and gentlemen. Sometimes evidence isn't found but we know a shot was fired... (TT. 276).

The gist of the petitioner's argument is that only by hypothesizing the existence of a third ammunition clip, could the prosecutor tie him to the crime.

Specifically, when reviewing this issue in the direct appeal[18], the Superior Court wrote:

> Appellant concedes that the Lorcin could have been used in the shooting. However, he continues that since he was acquitted of possession of the Lorcin, its

---

[18] The post-conviction court found that the issue which was raised regarding the prosecutor's supposed misconduct during his closing argument was procedurally waived since it was not raised as such during the direct appeal and for this reason the matter was not discussed by the post-conviction appellate court. See: Exhibit 31 to the answer of the Commonwealth at p.4. Based on this holding, the petitioner would have procedurally defaulted in exhausting this issue and it would be barred here under Coleman.

existence cannot be used to convict him. Case law establishes that the fact that the jury acquitted Appellant of possession of the Lorcin does not mean that we are required to concluded that Appellant did not use it. **See Commonwealth v. Mechalski**, 707 A.2d 528 (Pa.Super.1998)(an acquittal on certain charges is not interpreted as a specific finding on any particular fact).

Finally, in leveling this challenge to the sufficiency of the evidence, Appellant glosses over his own admission to Officer Snyder that he had more than one gun, and he shot at the officer. While Appellant suggests that Officer Snyder's testimony is not worthy of belief ... the jury chose to believe this testimony, and the jury is the sole judge of credibility.[19]

The petitioner's argument is misplaced. During the course of the trial testimony was presented that the petitioner both volunteered statements that more than one gun was involved and that he had shot the victim (TT. 178). A prosecutor has great leeway in arguing reasonable inferences which might be drawn from the evidence. United States v. Werme, 939 F.2d 108 (3d Cir. 1991), cert. denied 502 U.S. 1092 (1992). In addition, the court clearly instructed the jury that arguments of the prosecutor were not entitled to evidentiary weight (TT.282), and further instructed that a guilty verdict could not be based on suspicion but rather required evidence demonstrating guilt beyond a reasonable doubt (TT.281)

In Fahy v. Horn, 516 F.3d 169, 198-199 (3d Cir.2008), the Court observed:

In evaluating [a claim of prosecutorial misconduct] we consider "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)... The Supreme Court further instructs that, for due process to have been offended, "the prosecutorial misconduct must be "of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Greer v. Miller*, 483 U.S. 756, 765 (1987) ... This distinction requires us "to distinguish between ordinary trial error and that sort of egregious misconduct which amounts to a denial of constitutional due process." *Ramseur*, 983 F.2d at 1239 ...

It is in this context that we examine the petitioner's claim. In Darden v. Wainwright,

---

[19] See: Exhibit 13 to the answer of the Commonwealth at p.6.

477 U.S. 168, 181 (1986), the Court held that allegations of prosecutorial misconduct must be decided in the context of whether the alleged misconducted so infected the trial as to result in a denial of due process. In this proceeding, the prosecutor argued that based on the testimony presented a reasonable inference could be drawn that the third clip had been discarded. When this argument is coupled with the testimony of Officer Kaschauer that he witnessed the shooting aimed at him (TT32-34, 80-81, 139) and the petitioner's own voluntary reference to the "guns" and his admission that he shoot at Office Kaschauer (TT.178), plus the court's instruction concerning the weight to be attributed to the arguments of counsel (TT.282 ), it "appears beyond a reasonable doubt that the error [if there was error] complained of did not contribute to the verdict obtained." United States v. Saybolt, 577 F.3d 195, 206 (3d Cir.2009). Thus, this claim likewise does not provide a basis for relief here.

      The petitioner also argues that counsel was ineffective for failing to object to the prosecutors closing argument. While the Commonwealth argues that this issue is not properly before the Court we will address it briefly.

      In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel.  First, the petitioner must show that counsel's performance was deficient.  This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000).  Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052.  To establish prejudice, the

defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

As noted above, the evidence against the petitioner was strong, the trial court gave an appropriate instruction on the weight to be accorded to arguments of counsel and counsel cannot be deemed deficient for having failed to object to this non-issue.

Finally, the petitioner argues that the evidence was insufficient as a matter of law to support his conviction. Specifically, in this regard, he alleges that the evidence was insufficient to sustain his conviction for aggravated assault, 18 Pa.C.S. 2702(a)(2). Specifically, the latter provides:

> A person is guilty of aggravated assault if he ... (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) [including police officers] or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty.

It is the petitioner's argument that the evidence failed to demonstrate that he fired the shot at Officer Kaschauer.

This argument is clearly specious in light of the testimony of Officer Kaschauer that no other persons were in the area during the assault (TT.29,34,74); that the person found hiding in the overgrown field following a chase was the petitioner (TT,125) and the petitioner's own voluntary incriminating statement that he had shot at Officer Kaschauer (TT.178). In reviewing a claim of alleged insufficiency evidence to sustain a conviction, a habeas court must determined whether any rational finder of fact could find guilty beyond a reasonable doubt. Orban v. Vaughn, 123 F.3d 727, 731 (3d Cir.1997), cert. denied 522 U.S. 1059 (1998). Clearly such a conclusion could be drawn here. For this reason, this issue is likewise meritless.

Thus, because it is apparent that the petitioner's conviction was not obtained in violation of any federal standards as determined by the Supreme Court, it is recommended that the petition be dismissed and because reasonable jurors could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                s/Robert C. Mitchell,
Entered: October 29, 2009                  United States Magistrate Judge