IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRVIN BERNARD BRENTLEY, | ) | |
|     Petitioner, | ) | 2:09cv942 |
| | ) | Electronic Filing |
| vs. | ) | |
| | ) | Judge Cercone |
| DAVID VARANO, et al., | ) | Magistrate Judge Mitchell |
|     Respondents. | ) | |

## **MEMORANDUM ORDER**

AND NOW, this 11th day of December, 2009, after de novo review of the record and upon due consideration of [16] the magistrate judge's report and recommendation filed on October 29, 2009, and [17] petitioner's objections thereto, IT IS ORDERED that petitioner's objections are overruled, the Petition for Writ of Habeas Corpus is dismissed and the concomitant request for a certificate of appealability is denied. The report and recommendation as augmented below is adopted as the opinion of the court.

Petitioner's objections are without merit. First, even assuming the Report erroneously determined that petitioner's Sixth Amendment right to counsel claims were procedurally defaulted, petitioner cannot show that he suffered prejudice from the errors he raises in support of his Sixth Amendment claim. Petitioner successfully obtained suppression of the statements by Officer Vaughn through his own representation and there is no sound basis to conclude that his conviction is constitutionally infirm because these statements were not suppressed at the insistence of counsel. Furthermore, the report adequately demonstrates the lack of merit in petitioner's contention that he was prejudiced by the arguments the prosecutor made at closing.

Second, petitioner's suggestion that the trial court did not understand that his primary desire was to be represented and he essentially was forced to proceed pro se because the court would not accommodate his request for new counsel sufficiently is belied by the record. As aptly explained in the Report, petitioner made a knowing waiver of his right to be represented by counsel and the determination by the state courts on this issue cannot be found to be contrary to

established federal law.  Report and Recommendation (Doc. No. 16) at 10.   Furthermore, petitioner's decision to proceed with the case in a manner to his liking regarding the suppression of the alleged "admission statement" and petitioner's criminal record does not in any competent way demonstrate that electing to pursue such a course was the only manner that would pass constitutional muster.  And given the evidence against petitioner regarding the shooting, it can readily be inferred that counsel was indeed attempting to act in petitioner's best interest in counseling a different course.  At the very least, counsel was not acting in a manner that was so deficient as to fall below the objective standard of competence required by the Sixth Amendment.

      Finally, there was more than enough of an evidentiary basis for the prosecutor to urge the jury to draw the inference beyond a reasonable doubt that petitioner shot the victim, and, as noted in the Report, the jury was cautioned to make their determinations of fact solely from the evidence in the case.  Consequently, petitioner cannot show that any asserted statements by the prosecutor in closing resulted in a violation of his constitutional rights.

                                  s/ David Stewart Cercone
                                  David Stewart Cercone
                                  United States District Judge

cc:      Honorable Robert C. Mitchell
          United States Magistrate Judge

          Irvin Bernard Brentley
          EA-3429
          SCI Coal Township
          1 Kelley Drive
          Coal Township, PA 17866

          Christina M. Gochnour, Esquire
          Office of District Attorney
          401 Courthouse
          436 Grant Street
          Pittsburgh, PA 15219